CURTIS WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 16456-79.
United States Tax Court
T.C. Memo 1981-135; 1981 Tax Ct. Memo LEXIS 608; 41 T.C.M. (CCH) 1138; T.C.M. (RIA) 81135; March 24, 1981. *608 Curtis Williams, pro se. Alan C. Parsons, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 8,214 in petitioner's Federal income tax for the year 1976. At issue is whether the petitioner is entitled to deduct various business expenses claimed on Schedule C of his Federal income tax return for 1976 in excess of the amounts allowed by the respondent. FINDINGS OF FACT Some facts have been stipulated and are so found. Curtis Williams (petitioner) was a legal resident of Sacramento, California, when he filed his petition in this case. He and his former wife filed a joint Federal income tax return for the calendar year 1976 with the Internal Revenue Service Center, Fresno, California. During 1976, and for several years prior thereto, the petitioner was engaged in the construction business. His business office was located at 4719 14th Avenue, Sacramento. Toward the end of that year some of his records, files, papers and equipment were stolen. His remaining books and records were turned over to his tax preparer. In his notice of deficiency dated October 3, 1979, respondent *609 determined that the petitioner had a net profit from his business of $ 23,537 rather than the $ 5,300 loss shown on the return. His taxable income was increased by $ 28,837, as follows: Schedule C Expense
Amount Per Return
Allowed
Adjustment
Cost of goods sold
and subcontracting
$ 80,000
$ 63,824
$ 16,176
Payroll taxes
6,000
1,132
4,868
Rent
1,300
0
1,300
Salaries and wages
20,000
15,392
4,608
Insurance
1,400
1,360
40
Legal and professional
500
155
345
Interest
600
0
600
Utilities
900
0
900
Total of Adjustments
$ 28,837
Petitioner paid $ 1,200 to rent his office in 1976 and he paid $ 900 for utilities. Petitioner failed to prove error in respondent's adjustments with respect to (a) cost of goods sold, (b) salaries and wages, (c) insurance, and (d) legal and professional expenses. Respondent conceded that the petitioner substantiated an additional amount of $ 516.12 for payroll taxes and $ 153.23 for interest. OPINION Petitioner did not offer any documentary evidence at the trial of this case to substantiate the business expenses he claimed on Schedule C of his return which were disallowed by respondent. All *610 we have is the rather vague and uncorroborated testimony of the petitioner regarding the claimed business expenses. He did not call his accountant as a witness and none of his records or ledger sheets were produced. [1]
Other than the expenses for rent ($ 1,200) and utilities ($ 900), and the concession made by respondent with respect to payroll taxes ($ 516.12) and interest ($ 153.23), the petitioner has failed to establish that he is entitled to deduct any expenses in excess of those previously allowed by the respondent. Petitioner bears the burden of proof and he has failed to carry it. Welch v. Helvering, 290 U.S. 211 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To reflect respondent's concession and our conclusions herein, Decision will be entered under Rule 155. Footnotes
1. At the trial the petitioner conceded that he had no additional substantiation for the costs of goods sold, the payroll taxes and the insurance. He was given 30 days to provide substantiation for the disallowed legal expenses and interest. He has provided nothing. Based on his testimony alone, we have allowed most of the expenses for rent and utilities.↩